UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION 03-10140-RWZ

UNITED STATES OF AMERICA

v.

JOHN G. PIZZARELLA, et al.

ORDER

August 14, 2008

ZOBEL, D.J.

      The government's motion for reconsideration is denied.  As stated during the bench trial, I credit Ms. Russo's testimony that the she, Tammy and John Pizzarella agreed that she would contribute $250,000 to be used to purchase a larger home in which all would reside, and that pursuant to that agreement she provided $250,000 which was used to pay down the mortgage on the real property at 6 Applewood Lane, Saugus, Massachusetts ("the property").  I further credit Ms. Russo's and Mr. Pizzarella's testimony that Ms. Russo's other daughter raised concerns about the lack of documentation for the agreement and that Mr. Pizzarella signed the promissory note and mortgage (collectively, "documents"), which provided for the $250,000 to be secured by the property, in order to alleviate these concerns.  The documents sufficiently establish Ms. Russo's secured interest in the property notwithstanding their omission of certain other terms orally agreed to by the parties.  See Fichera v. City of Lawrence, 44 N.E.2d 779, 780 (1942); Tzitzon Realty Co. v. Mustonen, 227 N.E.2d

493, 495 (Mass. 1967).  It is also inconsequential that Ms. Russo did not sign the documents.  See id.; Edward G. Acker, Inc. v. Rittenberg, 152 N.E. 87, 88 (Mass. 1926).  In any event, "[a] contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed [her] position that injustice can be avoided only by specific enforcement." Barber v. Fox, 632 N.E.2d 1246, 1249-50 (Mass. App. Ct. 1994) (quoting Restatement (Second) of Contracts § 129 (1979)).

Accordingly, Ms. Russo has established by a preponderance of the evidence that she has a secured interest in the property to the extent of $250,000 which is not subject to forfeiture, and the Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure shall exclude this interest from said forfeiture.

    August 14, 2008　　　　　　　　　　　/s/Rya W. Zobel
        DATE　　　　　　　　　　　　　　　　RYA W. ZOBEL
                                                    UNITED STATES DISTRICT JUDGE