UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 03-10140-RWZ

UNITED STATES OF AMERICA

v.

JOHN G. PIZZARELLA, *et al.*

ORDER

July 13, 2009

ZOBEL, D.J.

On June 11, 2008, this court authorized the sale of a property at 6 Applewood Lane, which was subject to forfeiture by defendant John Pizzarella ("Pizzarella") upon his plea of guilty to federal drug charges.  (See Order (Docket # 180).)  The Order required the United States Marshal Service ("USMS") to sell the property "at the highest possible price" and to pay from the proceeds: (1) marketing costs and commission of the sale; (2) insurance on the property; (3) outstanding real estate taxes; and (4) valid and superior liens and encumbrances of record.  The remaining net balance was to be deposited in an interest-bearing account pending further order of the court.  (Id.)

Joanne Russo ("Russo"), Pizzarella's mother-in-law, objected to the forfeiture, claiming that she was an innocent part-owner of the property.  After briefing and a bench trial, I found that "Russo has an interest in the property to the extent of $250,000 which she had lent to John G. Pizzarella and which is therefore not subject to forfeiture."  (Order, July 23, 2008 (Docket # 186) (emphasis added); see also Docket # 193 ("[Russo] has a secured interest in the property to the extent of $250,000 which is

not subject to forfeiture.").)  The property was sold in mid-June 2009, and the net

proceeds remaining after making the payments ordered by the court total $127,120.56.

The government now moves for an order authorizing the USMS to disburse these funds

to Russo.  (See Docket # 215.)   Russo argues that she is entitled by the court's

previous orders to payment of $250,000 and has so moved.  (See Docket # 213.)

Russo misinterprets the scope of the court's finding.  The court found that Russo

had given Pizzarella $250,000 for the purchase of the property and therefore had an

equity interest of up to that amount in the property.  It did not make any determination

as to the present or future value of the property or whether she would be able to recoup

her investment in full on its sale after paying the costs of sale and compensating the

superior lienholders.  Rather, the court's order precluded the United States from seizing

any of the net proceeds of the property until Russo's investment was repaid.[1]  Because

the net proceeds are less than that investment, the United States now proposes to

transfer them to Russo in toto.  This is in accordance with the court's June 11, 2008,

and July 23, 2008, orders.

Accordingly, the government's motion to disburse funds (Docket # 215) is

---

[1] Russo's reliance on United States v. One Star Class Sloop Sailboat Named Flash II, 517 F. Supp. 2d 546 (D. Mass. 2007), is misplaced.  In Flash II, the court concluded that a default judgment of forfeiture had been incorrectly entered and, therefore, the property, which had already been sold, was not forfeitable.  It then ordered that the innocent party receive his pro rata share of the vessel's fair market value with no deduction for the government's costs in selling the boat.  Because the property in Flash II should not have been sold, it would have been unreasonable to expect the innocent owner to share in its selling costs.  Here, not only was the property legally subject to forfeiture, but the amounts deducted from the gross proceeds included mortgages and taxes that had been incurred by and for the benefit of Pizzarella and Russo, not the government.

2

ALLOWED.  Russo's motion to order the government to pay her #250,000 (Docket #

213) is DENIED.


     July 13, 2009                                  /s/Rya W. Zobel
DATE                                      RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE